MEMORANDUM ***
Rajesh Kumar (Kumar) petitions for review of a Board of Immigration Appeals’ (BIA) decision affirming the immigration judge’s (IJ) denial of his requests for asylum, withholding of removal, and relief pursuant to the Convention Against Torture premised on the IJ’s finding that Ku-mar was not credible.
Based on the inconsistencies between Kumar’s asylum application and his testimony, Kumar’s failure to provide corroborating evidence, and the inherent implausibility of his testimony, there was substantial evidence supporting the adverse credibility determination. See Malkandi v. Holder, 576 F.3d 906, 917-18 (9th Cir.2009), as amended; see also Husyev v. Mukasey, 528 F.3d 1172, 1188 (9th Cir.2008); Sidhu v. I.N.S., 220 F.3d 1085, 1092 (9th Cir.2000), as amended (“[Wjhere the IJ has reason to question the applicant’s credibility, and the applicant fails to produce non-dupli-cative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.”).
Kumar, therefore, is not eligible for asylum, withholding of removal, or relief pursuant to the Convention Against Torture. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003).[1]
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the BIA did not adopt the IJ's internal relocation analysis, it is not subject to review by this court. See Kyung Park v. Holder, 572 F.3d 619, 622 (9th Cir.2009) ("[T]he court’s review is limited to the BIA's decision, except to the extent that the IJ’s opinion is expressly adopted.”) (citation and internal quotation marks omitted).